## Barrett, Appellant, *v.* Supreme Conclave Improved Order of Heptasophs of Baltimore City.

*Beneficial societies—Beneficiaries — Refusal to interplead — Estoppel.*

Where there is but one fund in the hands of a beneficial association to be paid to a beneficiary designated by a member, and it appears that the member changed the beneficiary by naming his wife instead of his mother, and the wife brings a suit against the society after the member's death, and in this suit the mother refuses to interplead disclaiming any interest in the fund sought to be recovered by the wife and claiming another fund, the mother thereafter is estopped from maintaining any suit against the society.

Argued April 22, 1919. Appeal, No. 234, Jan. T., 1917, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1915, No. 325, for defendant in case of Ellen Barrett v. Supreme Conclave Improved Order of Heptasophs of Baltimore City. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit to recover death benefits. Before O'NEIL, J.

Verdict and judgment for defendant. Plaintiff appealed.

On motion for a new trial, O'NEIL, J., filed the following opinion:

This action of assumpsit was brought by Ellen Barrett against the Supreme Conclave Improved Order of Heptasophs of Baltimore City, to recover $4,000 upon a benefit certificate issued by the order of its member, John J. Barrett.

An examination of the record shows the following facts:

1. The defendant is a fraternal beneficial society organized under the laws of Maryland, for the purpose, inter alia, of paying death benefits.

2. John J. Barrett joined the defendant order on July 8, 1903, receiving a $4,000 certificate, in which he had designated his mother, Ellen Barrett, and his wife Ellen L. Barrett, beneficiaries.

3. On May 15, 1905, he surrendered his certificate and had it reissued, with his mother, Ellen Barrett, alone named as beneficiary.

4. On December 29, 1913, he again surrendered and procured a reissuance of the certificate designating his wife, Ellen L. Barrett, as beneficiary.

5. John J. Barrett died on February 8, 1915.

6. Suit was brought by the wife, Ellen L. Barrett, against the defendant in the Common Pleas of Lackawanna County, as of October Term, 1915, No. 770, she claiming as the beneficiary designated at the time of John J. Barrett's death.

7. This present suit was likewise brought, the plaintiff averring that the change from herself to the wife was void for want of mental capacity of John J. Barrett, on December 29, 1913.

8. In the wife's suit the defendant, by its counsel, filed a bill of interpleader, proffering a payment of the fund due under the said John J. Barrett's certificate into

court pending the determination by this court of the respective rights of the two adverse claims.

9. The plaintiff, by her counsel, filed an answer to the defendant's bill, which in substance disclaimed all right or interest in the fund sought to be recovered by the wife, and set up a totally separate and independent contract as the basis of her action.

The plaintiff sought recovery upon the theory that the member, John J. Barrett, was mentally incapable of effecting a legal change of his beneficiary on December 29, 1913; that, for the reason given, the change was void and inoperative, and that the designation of the plaintiff, as it existed prior to the change in question, remained in full force and effect at the time of the assured's death.

After offering in evidence the membership certificate involved, which bore a clear endorsement or direction revoking the prior designation of the plaintiff, and substituting Ellen L. Barrett as beneficiary, the plaintiff offered testimony, through the medium of a number of witnesses, which was claimed to show that the member was incapable and incompetent to transact business of any kind at the time of the last-mentioned change.

Upon objection this testimony was excluded. The defendant made no motion for a nonsuit, but offered verbal testimony and documentary evidence consisting of the record in the suit of Ellen L. Barrett, of October Term, 1915, No. 770, hereinbefore alluded to, upon the ground that in substance the plaintiff, having in her answer to the interpleader bill foresworn all her right and interest in the fund claimed by Ellen L. Barrett, the widow, the doctrine of equitable estoppel prohibited any claim upon or attempt to recover the fund herein involved, which the record shows is the identical fund sought to be recovered by the widow. In short, there was but one fund.

Under such a state of facts the defendant was entitled to invoke the doctrine of estoppel, and the trial judge directed the jury to find a verdict for the defendant.

The rule to show cause why a new trial should not be granted is discharged.

*Error assigned* was in giving binding instructions for defendant.

*C. B. Little,* with him *M. A. McGinley,* for appellant.

*Olin Bryan, Harry Reiss Axelroth* and *C. C. Donovan,* for appellee.

PER CURIAM, May 12, 1919:

Though John J. Barrett changed the beneficiaries named in the certificates issued to him by the appellee, there was but one fund in its hands to be paid by it to any one of them. The appellant declined to make claim to this fund when a rule was served upon her to interplead in the suit brought by the wife of the deceased against the appellee on the certificate in which she was named as the beneficiary. In her answer to the rule to interplead the appellant averred that she claimed another fund in the hands of the appellee, and, in view of this, the learned court below correctly held that she was estopped in this action from making any claim against the society. The material facts in the case appear in the opinion of the learned court below discharging the rule for a new trial, and, on that opinion, the judgment is affirmed.